UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
JAN X 3 2008
Jan 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CLEMENS FRANEK<br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC. and<br>TARGET CORPORATION,<br>Defendants. | 08cv58<br>Judge DOW JR.<br>Mag. Judge VALDEZ<br><br>JURY DEMANDED |

## COMPLAINT FOR TRADEMARK INFRIGEMENT, UNFAIR COMPETITION AND OTHER RELIEF

Now comes the Plaintiff, Clemens Franek (Franek or Plaintiff), through his attorney, Mark D. Roth of Orum & Roth, LLC and for his complaint against Walmart Stores, Inc. (Walmart) and Target Corporation ("Target") states:

### PARTIES AND JURISDICTION

1. Plaintiff, Franek, is the owner of United States Trademark Registration No. 1502261. The trademark registration claims as a trademark the round shape of a beach towel (Round Beach Towel Trademark). The Round Beach Towel Trademark prohibits anyone in the United States other than Franek or his licensees from selling round beach towels.

2. Walmart is a Delaware corporation, with its principal place of business in Bentonville, Arkansas. Walmart operates retail stores throughout the nation and in the Chicagoland area. Walmart also sells its products on-line. Walmart sells its products to persons in the Chicagoland area.

1

3. Target is a Minnesota corporation, with its principal place of business in Minneapolis, Minnesota. Target operates retail stores throughout the nation and in the Chicagoland area. Target also sells its products on-line. Target sells its products to persons in the Chicagoland area.

4. This action arises under the United States law relating to trademark and unfair competition. Federal question jurisdiction exists pursuant to 15 U.S.C. Sec. 1121 and 28 U.S.C. Sec. 1331 and 1338. Jurisdiction over the state law claims exists pursuant to 28 U.S.C. Sec. 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. Sec. 1391 as Walmart and Target advertised and sold products that infringe the Plaintiff's Round Beach Towel Trademark and otherwise engaged in unfair competition in this District. Both Walmart and Target also conduct business in this judicial District.

## INTRODUCTION

6. Plaintiff has had manufactured and sold in interstate commerce round beach towels that are covered under the Round Beach Towel Trademark. Through marketing and sales, round beach towels have come to be associated with Franek's Round Beach Towel Trademark.

7. Franek began selling round beach towels under the Round Beach Towel Trademark through humble beginnings. Franek moved to Los Angeles in the 1980s to promote his round beach towel. He shared his products with a man he met while playing touch football in the park. The two went store-to-store selling the round beach towels. Franek's friend was aspiring actor Woody Harrelson, who later landed his role as "Woody" in the television program "Cheers."

8. Franek and Harrelson became roommates, along with Bobby Farrelly. Bobby Farrelly is one half of the writing/ producing/directing team of the Farrelly brothers, who made such movies as "Dumber and Dumber," Something About Mary" and "Kingpin", among others.

9. Franek, Harrelson and Bobby Farrelly all sold Franek's round beach towels. After gaining popularity as "Woody" on Cheers, Harrleson promoted the round beach towel on such shows as *Entertainment Tonight*, *The Tonight Show* and *Oprah Winfrey*. Though promotion of the round beach towel, Plaintiff and his licensees sold hundreds of thousands of round beach towels to multinational corporations and also through retail outlets.

10. One of those retail outlets where Franek sold his round beach towels was Walmart. Walmart sold Frank's small round beach towel called a "Huggable Luvable." The Huggable Luvable round beach towel contained a label stating that the round beach towel was a trademark of the Round Towel Company, a licensee of Plaintiff. Plaintiff's representative later met with another Walmart buyer about selling large round beach towels to Walmart. That buyer reviewed the round beach towel product, but did not buy Franek's round beach towels. Walmart did, however, purchase round beach towels from a different company that knocked off the round beach towel design, an infringement of Franek's Round Beach Towel Trademark. Walmart purchased the infringing round beach towels despite having previously purchased Franek's round beach towels and acknowledging the Round Beach Towel Trademark on the authorized round beach towels sold by Walmart. Further, Walmart's buyer of towel products was aware of Franek's Round Beach Towel Trademark, having met with Franek's representative and having

3

reviewed round beach towels bearing notice of the Round Beach Towel Trademark. Walmart began selling the infringing round beach towels in the year 2005. Franek does not believe that Walmart is currently selling round beach towels that infringe the Round Beach Towel Trademark.

11. Target purchased Round Towels from Franek's licensee. Franek's round beach towels sold by Target contained labels acknowledging the Round Beach Towel Trademark. Target sold round towels containing a label acknowledging the Round Beach Towel Trademark through its retail outlets and through on-line sales. Target also marketed and sold round beach towels acknowledging the Round Beach Towel Trademark in its employee catalogue. Despite knowing of the existence of the Round Towel Trademark, and acknowledging its existence though sales bearing identification of the mark, Target later purchased round towels from another company that knocked off Franek's trademark. Target was informed of its infringement and, rather than stop selling the infringing products, held a sale of the infringing round beach towel inventory. Target continued selling the infringing products into the year 2006.

12. The Round Towel Trademark registration has become incontestable pursuant to 15 U.S.C. Sec. 1065. The registration is therefore conclusive evidence of Franek's right to use the registered mark.

13. Plaintiff did not consent to any of the advertising, distribution, offering for sale or sale of the infringing round beach towels.

## FIRST CAUSE OF ACTION
*(Trademark Infringement)*

14.- 25.  Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 14 to 25, as if fully set forth herein.

26.  Walmart and Target's advertising, offering for sale and sale of round beach towels infringing Franek's Round Beach Towel Trademark constitutes trademark infringement pursuant to 15 U.S.C. Sec 1114. Defendants' acts have been willful and deliberate.

27.  Franek has been damaged as a result of Walmart and Target's sale if infringing round beach towels.

## SECOND CAUSE OF ACTION
*(False Designation of Origin)*

28.- 40.  Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 28 to 40, as if fully set forth herein.

41.  Walmart and Target's sale of infringing round beach towels constitutes unfair completion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. sec. 1125(a). Defendants' acts have been willful and deliberate.

42.  Franek has sustained damages as a result of the Defendant's violation of the Lanham Act.

## THIRD CAUSE OF ACTION
*(State Law Deceptive Practices Act)*

43.- 55.    Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 43 to 55, as if fully set forth herein.

56.    The acts of the Defendants as described above constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the laws of the State of Illinois. 765 ILCS 1040 and 815 ILCS 510.

57. Defendants acts of infringement and unfair competition have been willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter judgment against the Defendants, Walmart and Target, as follows:

a.) Order that the Defendants account to Plaintiff for Defendants' profits and any damages sustained by Plaintiff from the foregoing acts of infringement, unfair competition and deceptive practices;
b.) Award Plaintiff actual and/or statutory damages for Defendants' infringement, unfair competition and deceptive practices;
c.) Award Plaintiff enhanced and punitive damages as a result of Defendants' willful conduct;
d.) Award Plaintiff his costs, including reasonable attorney's fees and disbursements; and
e.) Award Plaintiff such other and further relief that this Court deems just.

Attorney for Plaintiff

/s/

Mark D. Roth
Orum & Roth LLC
53 West Jackson Blvd.
Site 1616
Chicago, IL 60604
312.922.6262 x240

7