UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART STORES, INC. and TARGET CORPORATION,<br><br>        Defendants. | Civil Action No. 08-cv-0058<br><br>Judge Robert M. Dow Jr.<br><br>**Jury Trial Demanded** |

**Defendant Target Corporation's Answer and Counterclaims**

Defendant Target Corporation ("Target") states as follows as its answer, affirmative defenses, and counterclaims to plaintiff Clemens Franek's ("Franek") Complaint:

**Parties and Jurisdiction**

1.    **Plaintiff, Franek, is the owner of United States Trademark Registration No. 1502261. The trademark registration claims as a trademark the round shape of a beach towel (Round Beach Towel Trademark). The Round Beach Towel Trademark prohibits anyone in the United States other than Franek or his licensees from selling round beach towels.**

    **Answer:**    Target admits that United States Trademark Registration No. 1502261 (the "Registration") states that Plaintiff, Franek, is the owner of the Registration. Target admits that the Registration claims as a trademark the round shape of a beach towel (the "Round Towel Mark"). Target denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.    **Walmart is a Delaware corporation, with its principal place of business in Bentonville, Arkansas. Walmart operates retail stores throughout the nation and in the Chicagoland area. Walmart also sells its products on-line. Walmart sells its products to persons in the Chicagoland area.**

    **Answer:**    Target is without knowledge or information sufficient to form a

belief as to whether or not Wal-Mart operates retail stores throughout the nation. Target also is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 2 of the Complaint because Target is without knowledge or information as to whether or not Wal-Mart Stores, Inc., the entity that is a co-defendant in this action, operates retail stores, operates retails stores in the Chicagoland area, sells products on-line, or sells products to persons in the Chicagoland area.

**3.     Target is a Minnesota corporation, with its principal place of business in Minneapolis, Minnesota. Target operates retail stores throughout the nation and in the Chicagoland area. Target also sells its products on-line. Target sells its products to persons in the Chicagoland area.**

**Answer:**     Target admits that it is a corporation organized and existing under the laws of the State of Minnesota and that Target's principal place of business is located in Minneapolis, Minnesota. Target denies any remaining allegations set forth in the first sentence of Paragraph 3 of the Complaint. Target admits that it operates retail stores in forty-seven of the fifty United States and in the Chicagoland area. Target denies the remaining allegations set forth in the second sentence of Paragraph 3 of the Complaint. Target admits that it resells products on-line and to persons in the Chicagoland area. Target denies the remaining allegations set forth in the third and fourth sentences of Paragraph 3 of the Complaint.

**4.     This action arises under the United States law relating to trademark and unfair competition. Federal question jurisdiction exists pursuant to 15 U.S.C. Sec. 1121 and 28 U.S.C. Sec. 1331 and 1338. Jurisdiction over the state law claims exists pursuant to 28 U.S.C. Sec. 1367.**

**Answer:**     Target admits the allegations set forth in Paragraph 4 of the Complaint.

**5.     Venue is proper in this District pursuant to 28 U.S.C. Sec. 1391 as Walmart and Target advertised and sold products that infringe the Plaintiff's**

**Round Beach Towel Trademark and otherwise engaged in unfair competition in this District. Both Walmart and Target also conduct business in this judicial District.**

**Answer:** Target admits that venue is proper in this District pursuant to 28 U.S.C. § 1391. Target admits that it conducts business in this judicial district. Target is without knowledge or information sufficient to form a belief regarding the truth of the allegation that Wal-Mart Stores, Inc., the entity that is a co-defendant in this action, conducts business in this judicial district. Target denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## Introduction

**6. Plaintiff has had manufactured and sold in interstate commerce round beach towels that are covered under the Round Beach Towel Trademark. Through marketing and sales, round beach towels have come to be associated with Franek's Round Beach Towel Trademark.**

**Answer:** Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in the first sentence of Paragraph 6 of the Complaint. Target denies the allegations set forth in the second sentence of Paragraph 6 of the Complaint.

**7. Franek began selling round beach towels under the Round Beach Towel Trademark through humble beginnings. Franek moved to Los Angeles in the 1980s to promote his round beach towel. He shared his products with a man he met while playing touch football in the park. The two went store-to-store selling the round beach towels. Franek's friend was aspiring actor Woody Harrelson, who later landed his role as "Woody" in the television program "Cheers."**

**Answer:** Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 7 of the Complaint.

**8. Franek and Harrelson became roommates, along with Bobby Farrelly. Bobby Farrelly is one half of the writing/ producing/directing team of the Farrelly brothers, who made such movies as "Dumber and Dumber," Something About Mary" and "Kingpin", among others.**

**Answer:** Target is without knowledge or information sufficient to form a

belief regarding the truth of the allegations set forth in Paragraph 8 of the Complaint.

**9.     Franek, Harrelson and Bobby Farrelly all sold Franek's round beach towels.  After gaining popularity as "Woody" on Cheers, Harrelson promoted the round beach towel on such shows as Entertainment Tonight, The Tonight Show and Oprah Winfrey.  Though promotion of the round beach towel, Plaintiff and his licensees sold hundreds of thousands of round beach towels to multinational corporations and also through retail outlets.**

**Answer:**     Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 9 of the Complaint.

**10.     One of those retail outlets where Franek sold his round beach towels was Walmart.  Walmart sold Frank's small round beach towel called a "Huggable Luvable."  The Huggable Luvable round beach towel contained a label stating that the round beach towel was a trademark of the Round Towel Company, a licensee of Plaintiff.  Plaintiff's representative later met with another Walmart buyer about selling large round beach towels to Walmart.  That buyer reviewed the round beach towel product, but did not buy Franek's round beach towels.  Walmart did, however, purchase round beach towels from a different company that knocked off the round beach towel design, an infringement of Franek's Round Beach Towel Trademark.  Walmart purchased the infringing round beach towels despite having previously purchased Franck's round beach towels and acknowledging the Round Beach Towel Trademark on the authorized round beach towels sold by Walmart.  Further, Walmart's buyer of towel products was aware of Franek's Round Beach Towel Trademark, having met with Franek's representative and having reviewed round beach towels hearing notice of the Round Beach Towel Trademark.  Walmart began selling the infringing round beach towels in the year 2005.  Franck does not believe that Walmart is currently selling round beach towels that infringe the Round Beach Towel Trademark.**

**Answer:**     Target denies that any sale of a round beach towel by Wal-Mart infringed any valid intellectual property right of Franek.  Target is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 10 of the Complaint.

**11.     Target purchased Round Towels from Franek's licensee.  Franek's round beach towels sold by Target contained labels acknowledging the Round Beach Towel Trademark.  Target sold round towels containing a label acknowledging the Round Beach Towel Trademark through its retail outlets and through on-line sales. Target also marketed and sold round beach towels acknowledging the Round Beach Towel Trademark in its employee catalogue.  Despite knowing of the existence of the Round Towel Trademark, and acknowledging its existence though sales bearing identification of the mark, Target**

later purchased round towels from another company that knocked off Franek's trademark. Target was informed of its infringement and, rather than stop selling the infringing products, held a sale of the infringing round beach towel inventory. Target continued selling the infringing products into the year 2006.**

**Answer:** Target admits the allegations set forth in the first sentence of Paragraph 11 of the Complaint. Target denies the remaining allegations set forth in Paragraph 11 of the Complaint.

**12. The Round Towel Trademark registration has become incontestable pursuant to 15 U.S.C. Sec. 1065. The registration is therefore conclusive evidence of Franek's right to use the registered mark.**

**Answer:** Target admits that the Registration is "incontestable" within the meaning of 15 U.S.C. § 1065. Target denies the remaining allegations set forth in Paragraph 12 of the Complaint.

**13. Plaintiff did not consent to any of the advertising, distribution, offering for sale or sale of the infringing round beach towels.**

**Answer:** Target denies that it has infringed any asserted right of Franek. Target is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth Paragraph 13 of the Complaint.

### First Cause or Action – Trademark Infringement

**14-25. Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 14 to 25, as if fully set forth herein.**

**Answer:** Target repeats, realleges, and incorporates by reference into its answer to Paragraphs 14-25 of the Complaint its answers to Paragraphs 1 through 13 of the Complaint.

**26. Walmart and Target's advertising, offering for sale and sale of round beach towels infringing Franek's Round Beach Towel Trademark constitutes trademark infringement pursuant to 15 U.S.C. Sec 1114. Defendants' acts have been willful and deliberate.**

**Answer:** Target denies each and every allegation set forth in Paragraph 26

of the Complaint.

**27.    Franek has been damaged as a result of Walmart and Target's sale of infringing round beach towels.**

Answer:    Target denies each and every allegation set forth in Paragraph 27 of the Complaint.

### Second Cause of Action – False Designation of Origin

**28-40.    Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 28 to 40, as if fully set forth herein.**

Answer:    Target repeats, realleges, and incorporates by reference into its answer to Paragraphs 28-40 of the Complaint its answers to Paragraphs 1 through 13 of the Complaint.

**41.    Walmart and Target's sale of infringing round beach towels constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. sec. 1125(a).  Defendants' acts have been willful and deliberate.**

Answer:    Target denies each and every allegation set forth in Paragraph 41 of the Complaint.

**42.    Franek has sustained damages as a result of the Defendant's violation of the Lanham Act.**

Answer:    Target denies each and every allegation set forth in Paragraph 42 of the Complaint.

### Third Cause of Action – State Law Deceptive Practices Act

**43-55.    Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 43 to 55, as if fully set forth herein.**

Answer:    Target repeats, realleges, and incorporates by reference into its answer to Paragraphs 43-55 of the Complaint its answers to Paragraphs 1 through 13 of the Complaint.

**56.    The acts of the Defendants as described above constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the laws**

of the State of Illinois.  765 ILCS 1040 and 815 ILCS 510.

**Answer:** Target denies each and every allegation set forth in Paragraph 56 of the Complaint.

**57.   Defendants acts of infringement and unfair competition have been willful and deliberate.**

**Answer:** Target denies each and every allegation set forth in Paragraph 57 of the Complaint.

### Affirmative Defenses

Target asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on the plaintiff.

*First Affirmative Defense*

The Complaint fails, in whole or in part, to state a claim against Target upon which relief can be granted.

*Second Affirmative Defense*

Franek's claims are barred because the purported trademark is functional.

*Third Affirmative Defense*

Franek's claims are barred because the primary significance of the purported trademark is not as an indicator of the source of goods.

*Fourth Affirmative Defense*

Franek's claims are barred, in whole or in part, by 815 ILCS § 505/10a(e) and/or other applicable statutes of limitations.

*Fifth Affirmative Defense*

Franek's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel and/or laches.

*Sixth Affirmative Defense*

Upon information and belief, Franek's claims against Target are barred, in whole or in part, by unclean hands.

*Seventh Affirmative Defense*

Upon information and belief, Franek's alleged damages, if any, have been caused by Franek's own conduct and/or failure to mitigate damages, or by others beyond the control of Target.

*Eighth Affirmative Defense*

Some or all of Franek's claims are pre-empted or otherwise governed by other federal laws, including but not limited to the Patent Act, 35 U.S.C. § 1 *et seq.*

*Ninth Affirmative Defense*

Target's use, advertising, offering for sale, an sale of round beach towels constitutes a fair, descriptive, and non-trademark use of Franek's alleged trademark.

*Tenth Affirmative Defense*

Franek's Round Towel Mark, a mark consisting of the configuration of a round beach towel, was abandoned through an invalid assignment, a discontinuation of use with intent to abandon, and uncontrolled third-party use of the trademark.

WHEREFORE, Target respectfully requests that: (i) judgment be entered in its favor on all claims of Franek's Complaint; (ii) Franek's Complaint be dismissed with prejudice; (iii) Target be awarded costs and attorneys' fees in this action; and (iv) the Court award Target all other relief deemed just and equitable.

## Counterclaims

For its Counterclaims against Clemens Franek, Target Corporation states and alleges as follows:

1. Defendant / Counter-Plaintiff Target Corporation ("Target") is a

corporation duly organized and existing under the laws of the State of Minnesota. Target's principal place of business is located at 1000 Nicollet Mall, Minneapolis, Minnesota.

2. On information and belief, Plaintiff / Counter-Defendant Clemens Franek ("Franek") is an individual who is a citizen of the United States and who resides at 4601 Post Road, East Greenwich, Rhode Island.

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(b). This Counterclaim also arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including but not limited to 15 U.S.C. §§ 1119 and 1121.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391.

5. By commencing this action in this Court, Franek has consented to personal jurisdiction and venue in this Court.

**Count I – Cancellation of Trademark Registration**

6. The allegations of Paragraphs 1 through 5 of this Counterclaim are restated and incorporated by reference into this Count I of Target's Counterclaim.

7. By this Counterclaim, Target seeks an order directing the cancellation of United States Trademark Registration No. 1,502,261 (the "Registration") pursuant to 15 U.S.C. § 1119.

8. Franek has alleged that he is the owner of the Registration in his Complaint in this action.

9. In view of Franek's allegations in the above-captioned action, including Franek's allegation that Target has infringed the purported mark covered by the Registration, Target believes that it is or will be damaged by the continued registration of

the Registration.

10. The purported mark covered by the Registration is functional.

11. The primary significance of the purported mark covered by the Registration is not as an indicator of source.

12. An actual and justiciable controversy exists between Target and Franek regarding whether the Registration is valid or should be cancelled.

13. Target is entitled to an order for the cancellation of the Registration pursuant to 15 U.S.C. §§ 1064(3) and 1119.

WHEREFORE, Target respectfully requests that the Court enter judgment in favor of Target and against Franek on this Count I, granting the following relief.

(a) dismissing Franek's claims against Target with prejudice and on the merits;

(b) ordering the cancellation of United States Trademark Registration No. 1,502,261 pursuant to 15 U.S.C. § 1119;

(c) certifying the order of cancellation of United States Trademark Registration No. 1,502,261 to the Director of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1119;

(d) awarding Target its costs of suit herein;

(e) awarding Target such attorneys' fees as may be allowed by applicable law; and

(f) awarding Target such other relief as the Court may deem just and equitable under the circumstances.

**Count II – Declaration of Invalidity**

14. The allegations of Paragraphs 1 through 5 of this Counterclaim are

restated and incorporated by reference into this Count II of Target's Counterclaim.

15.     By this Counterclaim, Target seeks a declaration that the round towel design trademark described in United States Trademark Registration No. 1,502,261 (the "Round Towel Mark") and/or that allegedly existing pursuant to any state or common law rights is invalid.

16.     Franek has alleged that he is the owner of the Round Towel Mark in his Complaint in this action.

17.     The Round Towel Mark is functional.

18.     The Round Towel Mark is not an indicator of source.

19.     Prior to in or about 1994, a corporation organized under the laws of the State of Illinois known as CLM Design, Inc. ("CLM Design"), owned the Round Towel Mark and its registration.  On or about July 1, 1994, the Secretary of State of the State of Illinois involuntarily dissolved CLM Design.  On or about July 2, 2007, CLM Design purported to assign the Round Towel Mark and its registration to Franek *nun pro tunc*.  On information and belief, from on or about July 1, 1994, until on or about July 2, 2007, CLM Design discontinued using the Round Towel Mark.  On information and belief, from on or about July 1, 1994, until on or about July 2, 2007, there was uncontrolled third-party use of the Round Towel Mark.  As a result, CLM Design abandoned the Round Towel Mark and its registration.

20.     An actual and justiciable controversy exists between Target and Franek regarding whether the Round Towel Mark and its registration are valid.

WHEREFORE, Target respectfully requests that the Court enter judgment in favor of Target and against Franek on this Count I, granting the following relief.

(a)     dismissing Franek's claims against Target with prejudice and on the

merits;

      (b)    declaring that the Round Towel Mark and its United States Trademark Registration No. 1,502,261 are invalid;

      (c)    certifying the declaration of invalidity of United States Trademark Registration No. 1,502,261 to the Director of the United States Patent and Trademark Office;

      (d)    awarding Target its costs of suit herein;

      (e)    awarding Target such attorneys' fees as may be allowed by applicable law; and

      (f)    awarding Target such other relief as the Court may deem just and equitable under the circumstances.

## Jury Demand

Target demands a trial by jury on all issues properly tried to a jury.

Dated: March 3, 2008            Respectfully submitted,

By: __/s Arthur Gollwitzer III_____

Larry L. Saret (02459337)
    llsaret@michaelbest.com
Arthur Gollwitzer III  (06225038)
    agollwitzer@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Ave., Ste. 2000
Chicago, Illinois  60601
312-222-0800

***Attorneys for Defendant/ Counter-Plaintiff Target Corporation***

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALMART STORES, INC. and TARGET CORPORATION,<br><br>　　　　Defendants. | Civil Action No. 08-cv-0058<br><br>Judge Robert M. Dow Jr.<br><br>**Jury Trial Demanded** |

**Defendant Target Corporation's Disclosure Statement**

Defendant Target Corporation ("Target") provides the following disclosure pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.2. Target states that it has no parent corporation and no publicly held affiliates.

Dated: March 3, 2008　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　By: __/s Arthur Gollwitzer III_____

　　　　　　　　　　　　　　　　Larry L. Saret (02459337)
　　　　　　　　　　　　　　　　　　llsaret@michaelbest.com
　　　　　　　　　　　　　　　　Arthur Gollwitzer III  (06225038)
　　　　　　　　　　　　　　　　　　agollwitzer@michaelbest.com
　　　　　　　　　　　　　　　　MICHAEL BEST & FRIEDRICH LLP
　　　　　　　　　　　　　　　　Two Prudential Plaza
　　　　　　　　　　　　　　　　180 N. Stetson Ave., Ste. 2000
　　　　　　　　　　　　　　　　Chicago, Illinois  60601
　　　　　　　　　　　　　　　　312-222-0800

　　　　　　　　　　　　　　　　*Attorneys for Defendant/ Counter-Plaintiff Target Corporation*

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on March 3, 2008, I caused a copy of the following document:

**Defendant Target Corporation's Answer and Counterclaims** and the attached

**Defendant Target Corporation's Disclosure Statement**

to be filed by electronic (ECF) filing, which provides service for the following counsel of record:

Counsel for Franek:

Mark D. Roth
Orum & Roth LLC
53 W. Jackson Blvd., Ste 1616
Chicago, IL  60604
312-922-6262
markdroth@gmail.com

Counsel for Wal-Mart:

David A. Roodman
Bryan Cave LLP
One Metropolitan Square, Ste 3600
St. Louis, MO  63102
314-259-2000
daroodman@bryancave.com

                                          */s/ Arthur Gollwitzer III*
                                          Arthur Gollwitzer III