## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CLEMENS FRANEK,

            Plaintiff,

    v.

WALMART STORES, INC. and TARGET
CORPORATION,

            Defendants.

Civil Action No. 08-cv-0058

Judge Robert M. Dow Jr.

## WAL-MART'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND OTHER RELIEF

COMES NOW Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff Clemens Franek's ("Franek") Complaint For Trademark Infringement, Unfair Competition and Other Relief ("Complaint") in the above-captioned matter, states as follows:

### PARTIES AND JURISDICTION

1.      Wal-Mart admits that U.S. Trademark Reg. No. 1,502,261 (the "'261 Registration") purports to claim as a trademark the round shape of a beach towel, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Franek's alleged ownership of the '261 Registration and accordingly denies this allegation. Wal-Mart denies that the '261 Registration is valid and further denies that said registration prohibits anyone in the United States other than Franek or his licensees from selling round beach towels. Except as expressly admitted herein, Wal-Mart denies each and every other allegation set forth in paragraph 1 of the Complaint.

2.      Wal-Mart admits the allegations set forth in paragraph 2 of the Complaint.

3.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies each and every allegation set forth therein.

4.      Wal-Mart admits that this action purports to be for, inter alia, trademark infringement and unfair competition under the Lanham Act.  Further answering, Wal-Mart states that the Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, and that the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Except to the extent expressly admitted herein, Wal-Mart denies each and every other allegation set forth in paragraph 4 of the Complaint.

5.      Wal-Mart admits that it conducts business in this judicial district and that venue is proper with respect to Wal-Mart in this judicial district under 28 U.S.C. §1391 in that a portion of the alleged conduct occurred in this judicial district.  Wal-Mart is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint concerning defendant Target Corporation ("Target") and, accordingly, denies each and every allegation in paragraph 5 concerning Target.  Except to the extent expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 5 of the Complaint, and expressly denies that it advertised or sold any products that infringed any alleged rights of Franek or that it otherwise engaged in unfair competition in this judicial district or in any other.

**<u>INTRODUCTION</u>**

6.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Franek's alleged manufacturing, marketing or sales of round beach towels, and therefore denies same.  Further answering, Wal-Mart denies Franek's allegation that round beach towels have come to be associated with Franek or

Franek's alleged "Round Beach Towel Trademark." Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 6 of the Complaint.

7.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies each and every allegation set forth therein.

8.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies each and every allegation set forth therein.

9.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies each and every allegation set forth therein.

10.      Wal-Mart expressly denies that it copied, knocked off, or in any way violated any of plaintiff Franek's alleged rights. Wal-Mart is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies each and every allegation set forth therein.

11.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies each and every allegation set forth therein.

12.      Wal-Mart admits that Franek or an alleged predecessor filed a Declaration of Incontestability under 15 U.S.C. § 1065, the filing of which was acknowledged by the U.S. Patent & Trademark Office. Wal-Mart denies, however, that the '261 Registration is "incontestable," valid or that it constitutes conclusive evidence of Franek's right to use the alleged round beach towel mark. Except as expressly admitted herein, Wal-Mart denies each

and every allegation set forth in paragraph 12 of the Complaint.

      13.    Wal-Mart denies that it advertised, distributed, offered for sale or sold any "infringing round beach towels" and further denies that Franek's consent would have been required for Wal-Mart to advertise, distribute, offer for sale or sell any products.   Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 13 of the Complaint.

## FIRST CAUSE OF ACTION

      14-25.  Wal-Mart restates and incorporates by reference its answers and responses to paragraphs 1 through 13 of the Complaint, as and for its allegations of paragraphs 14 to 25, as if fully restated and set forth herein.

      26.    To the extent the allegations in paragraph 26 of the Complaint are directed at Wal-Mart, Wal-Mart denies each and every allegation set forth therein.  To the extent the allegations in paragraph 26 of the Complaint are directed at defendant Target, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies same. Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 26 of the Complaint.

      27.    To the extent the allegations in paragraph 27 of the Complaint are directed at Wal-Mart, Wal-Mart denies each and every allegation set forth therein.  To the extent the allegations in paragraph 27 of the Complaint are directed at Target, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies same.  Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

28-40.  Wal-Mart restates and incorporates by reference its answers and responses to paragraphs 1 through 13 of the Complaint, as and for its allegations of paragraphs 28 to 40, as if fully restated and set forth herein.

41.     To the extent the allegations in paragraph 41 of the Complaint are directed at Wal-Mart, Wal-Mart denies each and every allegation set forth therein.  To the extent the allegations in paragraph 41 of the Complaint are directed at Target, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and therefore denies same.  Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 41 of the Complaint.

42.     To the extent the allegations in paragraph 42 of the Complaint are directed at Wal-Mart, Wal-Mart denies each and every allegation set forth therein.  To the extent the allegations in paragraph 42 of the Complaint are directed at Target, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and therefore denies same.  Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 42 of the Complaint.

## THIRD CAUSE OF ACTION

43-55.  Wal-Mart restates and incorporates by reference its answers and responses to paragraphs 1 through 13 of the Complaint, as and for its allegations of paragraphs 43 to 55, as if fully restated and set forth herein.

56.     To the extent the allegations in paragraph 56 of the Complaint are directed at Wal-Mart, Wal-Mart denies each and every allegation set forth therein.  To the extent the

allegations in paragraph 56 of the Complaint are directed at Target, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and therefore denies same. Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     To the extent the allegations in paragraph 57 of the Complaint are directed at Wal-Mart, Wal-Mart denies each and every allegation set forth therein. To the extent the allegations in paragraph 57 of the Complaint are directed at Target, Wal-Mart states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore denies same. Except as expressly admitted herein, Wal-Mart denies each and every allegation set forth in paragraph 57 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint, and as additional defenses thereto, Wal-Mart asserts the following affirmative defenses without assuming the burden of proof when such burden would otherwise be on Franek:

1.     Except as expressly admitted herein, Wal-Mart denies each and every allegation contained in the Complaint.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     Wal-Mart states that Franek is wholly or partially barred from the relief he seeks based upon the principles and doctrines of equitable estoppel, laches, waiver, and/or acquiescence, due to his knowing and intentional failure to bring this action for years after he became aware of Wal-Mart's alleged advertising, offering for sale or sale of round beach towels.

4.      Counts I and II of the Complaint must fail as Wal-Mart's alleged advertising, offering for sale or sale of round beach towels has not and is not likely to cause confusion or mistake or to deceive with respect to any alleged mark of Franek's.

5.      Count III of the Complaint must fail as Wal-Mart's alleged advertising, offering for sale or sale of round beach towels has not and is not likely to cause confusion or misunderstanding, as set forth in 815 ILCS § 510, with respect to any alleged mark of Franek's.

6.      Count III of the Complaint must fail as Wal-Mart has not used the alleged mark in the '261 Registration as the term "used" is defined in 765 ILCS § 1040.

7.      Upon information and belief, Franek is barred from the relief he seeks, or his claims must fail, as he abandoned any rights he may have had in the alleged asserted mark for failure to prevent numerous third parties from manufacturing, advertising, offering for sale or selling of identical or substantially identical round beach towels, causing the alleged mark to lose its significance (if it ever had any) as an indicator of origin.

8.       Upon information and belief, Franek is barred from the relief he seeks, or his claims must fail, as he abandoned any rights he may have had in the alleged asserted mark as a result of the cessation of  use of the alleged mark with the express and/or implied intent not to resume use.

9.      Franek is barred from the relief he seeks, or his claims must fail, as the alleged mark is not inherently distinctive for round beach towel goods and has not and never did acquire distinctiveness and thus has no significance as an indicator of origin.

10.      Franek is barred from the relief he seeks, or his claims must fail, as Wal-Mart has not made any actionable trademark use of the alleged mark in the course of its alleged advertising, offering for sale or sale of round beach towels.

11.    Franek's claims must fail as his alleged mark is functional and any attempt to enforce such alleged mark constitutes an attempt to improperly monopolize and exclude others from marketing round beach towels in perpetuity.

12.    Wal-Mart states that to the extent Franek is, *arguendo,* successful in his allegations under any of the asserted Counts, and Franek is able to prove any damages, Franek has neglected, failed and refused to mitigate his damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

13.    The '261 Registration claims a generic and/or functional design and, as such, does not serve as an indicator of origin.

14.    On information and belief, CLM Design, Inc. is the owner the '261 Registration because the assignment to Franek was invalid and/or otherwise ineffective. Therefore, Franek lacks standing to bring this action, and CLM Design, Inc. is an indispensable party to this action. As such, this action should be dismissed because Franek lacks standing and CLM Design, Inc. has not been joined as an indispensable party.

15.    Franek's alleged mark has entered the public domain as a result of the expiration of various patents (including, but not limited to, U.S. Patent Nos. 2,803,845 and 2,731,997) that disclose and claim the functionality of the round shape of a towel. As such, Franek's alleged mark does not and cannot serve as an indicator of origin.

16.    Wal-Mart reserves the right to assert additional affirmative defenses upon further investigation and discovery.

WHEREFORE, Defendant Wal-Mart Stores, Inc. denies that Franek is entitled to any relief as prayed for in the Complaint or otherwise and respectfully requests that the Court enter judgment as follows:

A.    Dismissing each of the Counts and the Complaint filed by Franek against Wal-Mart, with prejudice;

B.    Declaring that Wal-Mart has not committed any acts of infringement under 15 U.S.C. § 1114 or under the laws of the State of Illinois;

C.     Declaring that Wal-Mart has not committed any acts of false designation of origin under 15 U.S.C. § 1125(a) or under the laws of the State of Illinois;

D.    Declaring that Wal-Mart has not committed any acts of counterfeiting or deceptive trademark practices under the laws of the State of Illinois;

E.    Declaring that U.S. Trademark Reg. No. 1,502,261 is invalid and/or unenforceable for lack of the requisite distinctiveness and significance as an indicator of origin;

F.    Declaring that U.S. Trademark Reg. No. 1,502,261 is invalid and/or unenforceable as a result of abandonment of the alleged mark for failure to enforce same, with the result that the alleged mark no longer has (if it ever did have) any significance as an indicator of origin;

G.    Declaring that U.S. Trademark Reg. No. 1,502,261 is invalid and/or unenforceable as a result of the purely functional nature of the alleged mark therein; and

H.     Awarding Wal-Mart its costs and attorneys' fees and such other and further relief as the Court deems just and proper under the circumstances.

Dated:  March 18, 2008                          Respectfully submitted,


                                                /s/Mark A. Paskar
                                                David A. Roodman
                                                daroodman@bryancave.com
                                                Bryan Cave LLP
                                                One Metropolitan Square, Suite 3600
                                                St. Louis, MO  63102-2750
                                                Tel.:     314-259-2000
                                                Fax:     314-259-2020

                                                Mark A. Paskar
                                                mapaskar@bryancave.com
                                                Jena M. Valdetero
                                                jena.valdetero@bryancave.com
                                                Bryan Cave LLP
                                                161 North Clark Street, Suite 4300
                                                Chicago, Illinois  60601-3315
                                                Tel.:     312-602-5000
                                                Fax:     312-602-5050

                                                *Attorneys for Defendant and*
                                                *Counterclaimant Wal-Mart Stores, Inc.*

**<u>Certificate of Service</u>**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing document was served via the court's electronic filing system this 18th day of March, 2008, to all counsels of record:

Mark D. Roth
markdroth@gmail.com

Larry L. Saret
llsaret@michaelbest.com

Arthur Gollwitzer, III
agollwitzer@michaelbest.com

Gilberto Eduardo Espinoza
geespinoza@michaelbest.com

/s/ Mark A. Paskar
Mark A. Paskar