UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>            Plaintiff,<br><br>    v.<br><br>WALMART STORES, INC. and TARGET CORPORATION,<br><br>            Defendants. | Civil Action No. 08-cv-0058<br><br>Judge Robert M. Dow Jr. |

**Answer to Wal-Mart Stores, Inc.'s Affirmative Defenses**

NOW COMES Plaintiff, Clemens Franek, through his attorneys of Orum & Roth, LLC, and for his Answer to Wal-Mart Stores, Inc.'s Affirmative Defenses states:

1.      Except as expressly admitted herein, Wal-Mart denies each and every allegation contained in the Complaint.

Answer:     Plaintiff makes no answer thereto as there are no allegations contained in paragraph no 1.

2.      The Complaint fails to state a claim upon which relief can be granted.

Answer:     Denies.

3.      Wal-Mart states that Franek is wholly or partially barred from the relief he seeks based upon the principles and doctrines of equitable estoppel, laches, waiver, and/or acquiescence, due to his knowing and intentional failure to bring this action for years after he became aware of

Wal-Mart's alleged advertising, offering for sale or sale of round beach towels.

Answer:      Denies.

4.      Counts I and II of the Complaint must fail as Wal-Mart's alleged advertising, offering for sale or sale of round beach towels has not and is not likely to cause confusion or mistake or to deceive with respect to any alleged mark of Franek's.

Answer:      Denies.

5.      Count III of the Complaint must fail as Wal-Mart's alleged advertising, offering for sale or sale of round beach towels has not and is not likely to cause confusion or misunderstanding, as set forth in 815 ILCS § 510, with respect to any alleged mark of Franek's.

Answer:      Denies.

6.      Count III of the Complaint must fail as Wal-Mart has not used the alleged mark in the '261 Registration as the term "used" is defined in 765 ILCS § 1040.

Answer:      Denies.

7.      Upon information and belief, Franek is barred from the relief he seeks, or his claims must fail, as he abandoned any rights he may have had in the alleged asserted mark for failure to prevent numerous third parties from manufacturing, advertising, offering for sale or selling of identical or substantially identical round beach towels, causing the alleged mark to lose its significance (if it ever had any) as an indicator of origin.

Answer:      Denies.

8. Upon information and belief, Franek is barred from the relief he seeks, or his claims must fail, as he abandoned any rights he may have had in the alleged asserted mark as a result of the cessation of use of the alleged mark with the express and/or implied intent not to resume use.

Answer:    Denies.

9. Franek is barred from the relief he seeks, or his claims must fail, as the alleged mark is not inherently distinctive for round beach towel goods and has not and never did acquire distinctiveness and thus has no significance as an indicator of origin.

Answer:    Denies.

10. Franek is barred from the relief he seeks, or his claims must fail, as Wal-Mart has not made any actionable trademark use of the alleged mark in the course of its alleged advertising, offering for sale or sale of round beach towels.

Answer:    Denies.

11. Franek's claims must fail as his alleged mark is functional and any attempt to enforce such alleged mark constitutes an attempt to improperly monopolize and exclude others from marketing round beach towels in perpetuity.

Answer:    Denies.

12. Wal-Mart states that to the extent Franek is, *arguendo*, successful in his allegations under any of the asserted Counts, and Franek is able to prove any damages, Franek has neglected,

failed and refused to mitigate his damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

Answer:    Denies.

13.    The '261 Registration claims a generic and/or functional design and, as such, does not serve as an indicator of origin.

Answer:    Denies.

14.    On information and belief, CLM Design, Inc. is the owner [sic] the '261 Registration because the assignment to Franek was invalid and/or otherwise ineffective. Therefore, Franek lacks standing to bring this action, and CLM Design, Inc. is an indispensable party to this action. As such, this action should be dismissed because Franek lacks standing and CLM Design, Inc., has not been joined as an indispensable party.

Answer:    Denies.

15.    Franek's alleged mark has entered the public domain as a result of the expiration of various patents (including, but not limited to, U.S. Patent Nos. 2,803,845 and 2,731,997) that disclose and claim the functionality of the round shape of a towel. As such, Franek's alleged mark does not and cannot serve as an indicator of origin.

Answer:    Denies.

16.    Wal-Mart reserves the right to assert additional affirmative defenses upon further investigation and discovery.

<u>Answer:</u>        Denies.

WHEREFORE, Plaintiff requests that this Court dismiss Wal-Mart's Affirmative Defenses with prejudice and for cost and such other further relief as this Court deems just.

    /s/ Mark D. Roth
Mark D. Roth
Orum & Roth LLC
53 West Jackson Boulevard, Suite 1616
Chicago, IL  60604-3606
Tel.:   (312) 922-6262
Fax:   (312) 922-7747

*Attorney for Plaintiff*