# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CLEMENS FRANEK,

        Plaintiff,

   v.

WALMART STORES, INC. and TARGET
CORPORATION,

        Defendants.

Civil Action No. 08-cv-0058

Judge Robert M. Dow Jr.

## Answer to Target Corporation's Affirmative Defenses and Counterclaims

NOW COMES Plaintiff, Clemens Franek, through his attorneys of Orum & Roth, LLC,

and for his Answer to Target Corporation's Affirmative Defenses and Counterclaims states:

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim against Target upon which relief

can be granted.

Answer:      Denies.

### Second Affirmative Defense

Franek's claims are barred because the purported trademark is functional.

Answer:      Denies.

### Third Affirmative Defense

Franek's claims are barred because the primary significance of the purported trademark is

not as an indicator of the source of goods.

Answer:        Denies.


***Fourth Affirmative Defense***

Franek's claims are barred, in whole or in part, by 815 ILCS § 505/10a(e) and/or other applicable statutes of limitations.

Answer:        Denies.


***Fifth Affirmative Defense***

Franek's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel and/or laches.

Answer:        Denies.


***Sixth Affirmative Defense***

Upon information and belief, Franek's claims against Target are barred, in whole or in part, by unclean hands.

Answer:        Denies.


***Seventh Affirmative Defense***

Upon information and belief, Franek's alleged damages, if any, have been caused by Franek's own conduct and/or failure to mitigate damages, or by others beyond the control of Target.

Answer:        Denies.

*Eighth Affirmative Defense*

Some of all of Franek's claims are pre-empted or otherwise governed by other federal laws, including but not limited to the Patent Act, 35 U.S.C. § 1 *et seq.*

<u>Answer:</u>        Denies.


*Ninth Affirmative Defense*

Target's use, advertising, offering for sale, an [sic] sale of round beach towels constitutes a fair, descriptive, and non-trademark use of Franek's alleged trademark.

<u>Answer:</u>        Denies.


*Tenth Affirmative Defense*

Franek's Round Towel Mark, a mark consisting of the configuration of a round beach towel, was abandoned through an invalid assignment, a discontinuation of use with intent to abandon, and uncontrolled third-party use of the trademark.

<u>Answer:</u>        Denies.


## <u>Counterclaims</u>

1.    Defendant / Counter-Plaintiff Target Corporation ("Target") is a corporation duly organized and existing under the laws of the State of Minnesota. Target's principal place of business is located at 1000 Nicollet Mall, Minneapolis, Minnesota.

<u>Answer:</u>        Admits.

2.      On information and belief, Plaintiff / Counter-Defendant Clemens Franek ("Franek") is an individual who is a citizen of the United States and who resides at 4601 Post Road, East Greenwich, Rhode Island.

Answer:      Plaintiff does not currently reside at the address stated but otherwise admits the allegations.


3.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(b). This Counterclaim also arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including but not limited to 15 U.S.C. §§ 1119 and 1121.

Answer:      Admits.


4.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

Answer:      Admits.


5.      By commencing this action in this Court, Franek has consented to personal jurisdiction and venue in this Court.

Answer:      Admits.


## Count I – Cancellation of Trademark Registration

6.      The allegations of Paragraphs 1 through 5 of this Counterclaim are restated and incorporated by reference into this Count I of Target's Counterclaim.

Answer:      Plaintiff restates and reincorporates the answers to paragraphs 1 through 5 as and

for paragraphs 6.

7.     By this Counterclaim, Target seeks an order directing the cancellation of United States Trademark Registration No. 1,502,261 (the "Registration") pursuant to 15 U.S.C. § 1119.

<u>Answer:</u>     Plaintiff denies that Target is entitled to cancellation of the mark at issue and otherwise denies the remaining allegations.

8.     Franek has alleged that he is the owner of the Registration in his Complaint in this action.

<u>Answer:</u>     Admits.

9.     In view of Franek's allegations in the above-captioned action, including Franek's allegation that Target has infringed the purported mark covered by the Registration, Target believes that it is or will be damaged by the continued registration of the Registration.

<u>Answer:</u>     Denies.

10.     The purported mark covered by the Registration is functional.

<u>Answer:</u>     Denies.

11.     The primary significance of the purported mark covered by the Registration is not as an indicator of source.

Answer:          Denies.


12.      An actual and justiciable controversy exists between Target and Franek regarding

whether the Registration is valid or should be cancelled.

Answer:          Denies.


13.      Target is entitled to an order for the cancellation of the Registration pursuant to 15

U.S.C. §§ 1064(3) and 1119.

Answer:          Denies.


## Count II – Declaration of Invalidity

14.      The allegations of Paragraphs 1 through 5 of this Counterclaim are restated and

incorporated by reference into this Count II of Target's Counterclaim.

Answer:          Plaintiff restates and realleges the answers to paragraphs 1 through 5 as and for

paragraph 14.


15.      By this Counterclaim, Target seeks a declaration that the round towel design

trademark described in United States Trademark Registration No. 1,502,261 (the

"Round Towel Mark") and/or that allegedly existing pursuant to any state or common

law rights is invalid.

Answer:          Plaintiff denies that the mark is invalid and otherwise denies the remaining

allegations.

16.     Franek has alleged that he is the owner of the Round Towel Mark in his Complaint in this action.

Answer:     Admits.

17.     The Round Towel Mark is functional.

Answer:     Denies.

18.     The Round Towel Mark is not an indicator of source.

Answer:     Denies.

19.     Prior to in or about 1994, a corporation organized under the laws of the State of Illinois known as CLM Design, Inc. ("CLM Design"), owned the Round Towel Mark and its registration. On or about July 1, 1994, the Secretary of State of the State of Illinois involuntarily dissolved CLM Design. On or about July 2, 2007, CLM Design purported to assign the Round Towel Mark and its registration to Franek *nun pro tunc*. On information and belief, from on or about July 1, 1994, until on or about July 2, 2007, CLM Design discontinued using the Round Towel Mark. On information and belief, from on or about July 1, 1994, until on or about July 2, 2007, there was uncontrolled third-party use of the Round Towel Mark. As a result, CLM Design abandoned the Round Towel Mark and its registration.

Answer:     Plaintiff denies there was a discontinuing use of the Round Towel Mark and denies uncontrolled third-party use of the Round Towel Mark. Plaintiff denies any abandonment of the Mark and further denies any remaining allegations.

7

20.    An actual and justiciable controversy exists between Target and Franek regarding

whether the Round Towel Mark and its registration are valid.

<u>Answer:</u>        Denies.


WHEREFORE, the Plaintiff, Clemens Franek, denies that Target is entitled to any relief

as requested in the counterclaims and request that this Court dismiss the counterclaims with

prejudice and for cost and such other further relief as this Court deems just.


/s/ Mark D. Roth
_____
Mark D. Roth
Orum & Roth LLC
53 West Jackson Boulevard, Suite 1616
Chicago, IL  60604-3606
Tel.:    (312) 922-6262
Fax:    (312) 922-7747

*Attorney for Plaintiff*
