UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY FRANCO & SONS, Inc.,<br><br>        Plaintiff,<br><br>v.<br><br>CLEMENS FRANEK,<br><br>        Defendant. | Civil Action No. 08-Civ-1313<br><br>Judge Der-Yeghiayan<br><br>*JURY DEMAND* |
| CLEMENS FRANEK,<br><br>        Plaintiff,<br><br>v.<br><br>WALMART STORES, INC. and<br>TARGET CORPORATION,<br><br>        Defendants. | Civil Action No. 08-Civ-0058<br><br>Judge Dow<br><br>*JURY DEMAND* |

### STIPULATED MOTION and ORDER TO CONSOLIDATE TWO RELATED ACTIONS ON CONSENT PURSUANT TO FRCP 42(a)

Whereas, Plaintiff Jay Franco & Sons, Inc. (hereinafter "Plaintiff") has filed Civil Action No. 08-Civ-1313 against Clemens Franek (hereinafter "New Action") on March 6, 2008 in the above identified Court for Declaratory Judgment of Invalidity and Non-Infringement of Franek's trademark registration for a Round Beach Towel shape (hereinafter

1

"Towel Trademark"); and whereas the New Action has been assigned to Judge Der-Yeghiayan;

Whereas, Clemens Franek has filed Civil Action No. 08-Civ-0058 against Wal-Mart Stores and Target Corporation (hereinafter "Prior Action") on January 3, 2008 for Trademark Infringement and Unfair Competition of Franek's trademark registration for a Round Beach Towel shape (hereinafter "Towel Trademark"); and whereas the Prior Action has been assigned to Judge Dow;

Whereas, Jay Franco & Sons, Inc. sold the allegedly infringing round towels to Wal-Mart Stores and Target Corporation, and whereas Jay Franco & Sons, Inc. has indemnified and has agreed to defend and hold harmless Wal-Mart Stores and Target Corporation with regard to said alleged infringement of the Towel Trademark in the Prior Action;

Whereas, the New Action and the Prior Action both have the same real parties in interest, Jay Franco & Sons, Inc. and Clemens Franek; and whereas both Actions involve the same issues of fact and law relating to validity and infringement of the Towel Trademark and damages related thereto, and whereas the Discovery in both Actions will be the same regarding the common issues of validity, infringement, and damages;

Whereas, Clemens Franek and Jay Franco & Sons, Inc. consent to both the New Action and the Prior Action being consolidated;

Whereas, the New Action has been served on Defendant Clemens Franek through his attorney;

Whereas, in the New Action, Defendant Clemens Franek has agreed, through his attorney, to Answer the Complaint in the New Action within 10 days of this Stipulation and Order being signed by the Court;

Whereas, in the New Action, the Initial Disclosures under FRCP Rule 26 shall be served by both parties within 10 days of this Stipulation and Order being signed by the Court;

Whereas, in the New Action, both parties consent to join in the existing discovery schedule of the Prior Action to avoid any delay or prejudice to the parties;

Whereas, it is in the Interests of Justice to avoid duplicative Actions relating to the same issues, and it is in the interest of judicial economy to consolidate related Actions,

## **REASONS FOR CONSOLIDATION**

Whereas, Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." That standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 Moore's Federal Practice § 42.10[1][a], at 42-9 (3d ed. 1998). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, such consolidation will serve the interests of justice. *See, e.g., In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1505, 1513 (D. Colo. 1989). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including antitrust actions. *See, e.g., State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995). Consolidation is unquestionably appropriate in this instance;

Whereas, the New Action and the Prior Action involve "a common question of law or fact" and, as such, satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of Rule 42(a) if the actions involve only *one* common question of law *or* fact, in this case all the trademark issues are common questions of both law *and* fact. Those common questions are not peripheral issues; they go to the very heart of the two actions.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES, and with the consent of Jay Franco & Sons, Inc. and Clemens Franek, and upon approval of the Court, and for good cause shown, that:

1) The New Action is consolidated into the Prior Action for discovery and trial on all issues;

2) Defendant Franek shall file his Answer to the Complaint, within 10 days of this Order;

3) Both parties shall serve their Initial Disclosures under Rule 26, within 10 days of this Order;

4) Both parties shall join in the existing discovery schedule in the Prior Action.

Jay Franco & Sons, Inc.,
Plaintiff

_____
Ezra Sutton, Esq.,
Attorney for Plaintiff
Dated: April /6, 2008

Clemens Franek,
Defendant

_____
Mark Roth, Esq.,
Attorney for Defendant
Dated: April 15, 2008

SO ORDERED:

Dated: April      , 2008

_____
U.S. District Court Judge

5