FILED
MAY 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAY FRANCO & SONS, Inc., | ) |
| | ) Civil Action No. 1:08-cv-01313 |
| Plaintiff, | ) Consolidated with No. 1:08-cv-0058 |
| | ) |
| v. | ) Judge |
| | ) |
| CLEMENS FRANEK, | ) *JURY DEMAND* |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Now comes the Defendant/Counter-Plaintiff, Clemens Franek, through his attorneys, Orum & Roth, LLC and for its Answer to Complaint for Declaratory Judgment, Affirmative Defenses and Counterclaims states:

1. Jay Franco brings this action against Franek for declaratory judgment pursuant to 28 U.S.C. § 2201, for a declaration by this Court that Plaintiff's past advertisements, sales, purchases, and marketing of certain round towels did not infringe any valid trademarks or trade dress owned by Defendant, and pursuant to 15 U.S.C. § 1119 for an order canceling Defendant's U.S. Trademark Registration No. 1,502,261.

Answer: Defendant admits that this is a declaratory judgment action, but denies any remaining allegations.

2. Plaintiff Jay Franco & Sons, Inc. is incorporated under the laws of New York and has its principal place of business at 295 Fifth Avenue, Suite 1712, New York, New York 10016. Jay Franco is in the business of importing, marketing, distributing, and selling bedding, bath, beach, and kitchen accessories. Jay Franco has been in business for over 60 years, and distributes its products nationally in department stores, specialty stores, and through mass merchants including Walmart Stores, Inc. ("Walmart"), and Target Corporation ("Target").

Answer: Defendant admits that Platinff is incorporated in New York and admits to its primcipal place of business. Defendant admits that Franco sold beach towels and on

information and belief sold beach towels to Target and Walmart. Defendant denies the remaining allegations.

3. Defendant Franek, on information and belief, is a citizen of the United States who resides or has offices at 4601 Post Road, East Greenwich, Rhode Island 02818. On information and belief, in 1985 Defendant Franek co-founded CLM Design, Inc., dba Son International, Inc., an Illinois corporation, originally located at 901 Hermosa Avenue, Hermosa Beach, California 90254. Also, on information and belief, CLM Design, Inc., had other offices, affiliates, or subsidiaries operating under the same name, located at 8217 Beverly Boulevard, Beverly Hills, California 90048 and 4601 Post Road, East Greenwich, Rhode Island 02818. The State of Illinois' Department of Business Services Database indicates that CLM Design, Inc. was dissolved on July 1, 1994.

Answer: Admits

4. Franek has filed suit in this judicial district against Jay Franco's customers, Walmart Stores, Inc. ("Walmart") and Target Corporation ("Target"). Franek alleges in its Complaint (filed with this Court) that Walmart's and Target's past advertisements, sales, purchasing, and marketing of round beach towels have violated Franek's alleged trademark rights to U.S. Trademark Registration No. 1,502,261 which claims the round shape of a beach towel is a trademark ("Round Beach Towel Mark").

Answer: Admits

5. Franek demands in its Complaint against Walmart and Target: Walmart's and Target's profits and any damages sustained by Franek from Walmart's and Target's alleged acts; an award for actual and/or statutory damages based on Walmart's and Target's alleged infringement, unfair competition, and deceptive practices; an award for enhanced and punitive damages for Walmart's and Target's alleged willful conduct; an award for Franek's costs including reasonable attorney's fees and disbursements; and an award for such other and further relief the Court deems just.

Answer: Admits

6. Plaintiff Jay Franco was the vendor to Walmart and Target for the round beach towels in question. By way of indemnification agreements with Walmart and Target, Jay Franco has agreed to hold harmless and defend Walmart and Target.

Answer: Defendant admits that Franco sold round beach towels to Walmart and Target. Defendant is unable to admit or deny the remaing allegations and therefore denies the allegations.

7. United States Trademark Registration No. 1,502,261 identifies that this trademark (Round Beach Towel Mark) was filed on October 29, 1986.

Answer: Admits

8. In addition, U.S. Trademark Registration No. 1,502,261 further identifies that this mark was originally applied for by CLM Design, Inc. ("CLM"), dba Sons, Inc., in 1986, and CLM on information and belief, was co-founded by Defendant Franek and is identified on said trademark registration as an Illinois corporation located at 8217 Beverly Boulevard, Suite 1, Beverly Hills, California 90048.

Answer: Admits

9. Furthermore, U.S. Trademark Registration No. 1,502,261 also identifies a nunc pro tunc assignment recorded on July 2, 2007 allegedly transferring the rights of said trademark registration from the then dissolved CLM Design (dissolved in 1994) to Defendant Franek.

Answer: Admits

10. Sometime in 2006, Jay Franco received a letter from Franek's former counsel, Jenner & Block, notifying Jay Franco of violating U.S. Trademark Registration No. 1,502,261 for its past sales of round towels to Target, Walmart, and other retailers. Settlement discussions ensued at that time between Franke [sic] and Jay Franco. However, these discussions ended sometime in the fall of 2006, and after time passed, Jay Franco believed that the matter had ended. (See Exhibits A through D, correspondence letters between the parties' respective legal counsel discussing settlement).

Answer: Defendant admits that Franco and Franek had settlement discussions relating to infringement of the trademark. Defendant denies the remaining allegations.

11. In January 2007 [sic], Franek brought suit in this district against Jay Franco's customers, Walmart and Target, for allegedly violating Franek's alleged trademark rights to the Round Towel Mark.

Answer: Denies

12. On information and belief, in light of the clear accusations by Franek in 2006 that Jay Franco and its customers, Walmart and Target, have violated Franek's rights, Jay Franco has a reasonable apprehension of being sued by Franek for alleged trademark infringement.

Answer: Denies

13. Franek's allegations that Jay Franco's customers, Walmart and Target, have violated Franek's trademark rights under federal and state laws are seriously and irreparably injuring and adversely affecting Walmart, Target, and Jay Franco. Unless this Court declares Plaintiff's rights in this case of actual controversy, Defendant's allegations will continue to injure and adversely affect Walmart and Target, as well as Jay Franco. Plaintiff has no adequate remedy at law.

Answer: Denies

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332, 1338(a) and 1338(b); 15 U.S.C. § 1121; and 28 U.S.C. § 1367.

Answer: Denies

15. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

Answer: Admits

## COUNT ONE
(Declaratory Judgment as to Non-Infringement Under The Lanham Act)

16. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 15 as if fully set out herein.

Answer: Defendant realleges its answers to paragraphs 1 through 15.

17. Plaintiff by this Count 1 seeks a declaration that Plaintiff's past advertisements, sales, purchasing, and marketing of round beach towels of which Defendant now complains do not infringe Defendant's alleged trademark rights and do not violate the Lanham Act, 15 U.S.C. §§ 1051, 1114, 1125, *et seq.*, including but not limited to §§ 32 and 43 of the Lanham Act.

Answer: Defendant denies the allegations but admits that Plaitnff is seeking declaratory relief in this suit.

18. The trademark rights claimed by Franek to the United States Trademark Registration No. 1,502,261 for the round shape of a beach towel are invalid and unenforceable because the claimed round shape is at least functional.

Answer: Denies

19. Further, the claimed round shape of a beach towel has been dedicated to the public upon the expiration of at least U.S. Patent Nos.

Answer: Denies

20. Accordingly, Franek has no protectible trademark or trade dress rights in the configuration or appearance of the shape of a round beach towel.

Answer: Denies

21. Even if Franek had protectible trademark or trade dress rights to the round shape of a beach towel, Jay Franco's alleged past advertisements, sales, purchasing, and marketing of round beach towels did not violate Sections 32 or 43 of the Lanham Act, or any other provision of the Act. Among other things, Jay Franco's alleged past advertisements, sales, purchasing, and marketing of round beach towels were not likely to cause confusion, mistake, or deception as to the source of Jay Franco's respective round towel products.

<u>Answer:</u>  Denies

## COUNT TWO
(Declaratory Judgment that Franek's United States Trademark Registration No. 1,502,261 is Invalid Because the Round Shape of a Towel is Functional)

22. Plaintiff repeats and re-alleged each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

<u>Answer:</u> Defendant realleges its answers to paragraphs 1 through 21.

23. Franek does not have any valid proprietary trademark rights to United States Trademark Registration No. 1,502,261 claiming the round shape of a beach towel because it is functional as depicted, disclosed, and claimed in at least U.S. Utility Patent Nos. 4,991,978; 4,794,029; 2,803,845; and 2,731,997 and French Utility Patent No. 2,399,229 (<u>see</u> Exhibit E).

<u>Answer:</u>  Denies

24. Franek does not have any valid proprietary trademark rights to United States Trademark Registration No. 1,502,261 claiming the round shape of a beach towel because it is functional in view of the extensive touting (by the applicant of this mark) of its functionality through advertisements, which state at least that, "[T]he round shape eliminates the need to constantly get up and move your towel as the sun moves across the sky." (<u>See</u> Exhibit F).

<u>Answer:</u>  Denies

25. Franek does not have any valid proprietary trademark rights to United States Trademark Registration No. 1,502,261 claiming the round shape of a beach towel because it is functional in view of the admissions by the applicant of this mark of the functional nature of the round towel: "the old fashioned way of getting up and moving and turning a rectangular towel to follow the sun was no longer necessary – with the round towel a person need only rotate the body without moving the towel." (<u>See</u> Exhibit G).

<u>Answer:</u>  Denies

26. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. §1119, this Court is empowered to order cancellation of the trademark registrations in any civil action in which the validity of the mark is placed in issue.

Answer:  Defendant denies that the mark should be cancelled and denies any further allegations.

### COUNT THREE
(Cancellation of Franek's U.S. Trademark Registration No. 1,502,261 (Claiming the Round Shape of a Towel) as Invalid Because it was Obtained Through Deception of the United States Patent and Trademark Office.)

27. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 as if fully set out herein.

Answer: Defendant realleges its answers to paragraphs 1 through 27.

28. Upon information and belief, Plaintiff avers that Franek's alleged United States Trademark Registration No. 1,502,261 which claims the round shape of a beach towel was obtained fraudulently and in bad faith within 15 U.S.C. §1115 (b) (i), and is subject to cancellation pursuant to 15 U.S.C. §1064(3).

Answer:  Denies

29. Upon information and belief in proceedings before the U.S. Patent and Trademark Office to obtain U.S, Trademark Registration No. 1,502,261 in 1986 and 1987, the applicant of said trademark failed to disclose to the U.S. Patent and Trademark Office at least expired U.S. Utility Patent Nos. 2,803,845 and 2,731,997 and expired French Utility Patent No. 2,399,229 covering and claiming the same round shape of a towel for which the applicant of the round beach towel trademark was seeking trademark registration. The existence of these expired patents, upon information and belief, was within applicant's knowledge before and during applicant's prosecution of said trademark. However, the applicant of said trademark failed to disclose these expired patents to the U.S. Patent and Trademark Office.

Answer:  Denies.

30. Upon information and belief, in proceedings before the U.S. Patent and Trademark Office to obtain U.S. Trademark Registration No. 1,502,261 in 1986 and 1987 the applicant of said trademark failed to disclose to the U.S. Patent and Trademark Office the applicant's own advertisements touting the functionality of the found shape of

said trademark in question for which the applicant of the round beach towel trademark was seeking trademark registration. The existence of applicant's own advertisements, upon information and belief, was within applicant's knowledge before and during applicant's prosecution of said trademark. However, the applicant of said trademark failed to disclose its own advertisements to the U.S. Patent and Trademark Office.

Answer:  Denies that the advertisements are relevant to the issuance of the trademark and denies any remaining allegations.

31. Information regarding said expired patents and said applicant's own advertisements was material to the prosecution of Franek's alleged Trademark Registration. Upon information and belief, if the U.S. Patent and Trademark Office had been informed of the claims of functionality of the round beach towel in question, as evidenced by at least said expired utility patents and applicant's own advertisements, the U.S. Patent and Trademark Office would not have issued the registration for the claimed round shape of a beach towel.

Answer: Denies

32. Upon information and belief, said applicant's trademark application for the round beach towel trademark made on October 29, 1986, was filed after the expiration of at least said utility patents, which expired at least as early as 1973, and was done with the intention to attempt to monopolize the round shape of a beach towel in perpetuity.

Answer: Denies

33. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. §1119, this Court is empowered to order cancellation of the trademark registrations in any civil action in which the validity of the mark is placed in issue.

Answer:  Denies that the mark should be cancelled and further denies any remaining allegations.

34. On information and belief, to the extent that Franek was involved in the procurement of said trademark registration by false means, Franek is liable under Section 38 of the Lanham Act, 15 U.S.C. §1120 to Jay Franco for any damages resulting as a consequence of Franek's procurement of said trademark registration by false means, including Jay Franco's, Walmart's and Target's attorney's fees which Jay Franco has incurred as a result of Franek's claims of infringement against Walmart and Target.

Answer:  Denies

## COUNT FOUR

(Declaratory Judgment that Franek's Trademark Rights to United States Trademark Registration No. 1,502,261 are Invalid Because the Assignment of the Trademark Rights from CLM Design, Inc. to Franek Was Invalid)

35. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34 as it [sic] fully set forth.

Answer: Defendant realleges its answers to paragraphs 1 through 34.

36. CLM Design, Inc. was dissolved on July 1, 1994 as indicated on the State of Illinois' Department of Business Services Database (See Exhibit H).

Answer: Admits

37. U.S. Trademark Registration No. 1,502,261 identifies a nunc pro tunc Trademark Assignment recorded on July 2, 2007 transferring the rights of U.S. Trademark Registration No. 1,502,261 from the then dissolved CLM Design, Inc. to Defendant Franek.

Answer:  Admits

38. On information and belief, the assignment of U.S. Trademark Registration No. 1,502,261 from CLM Design, Inc. on July 2, 2007 to Plaintiff Franek was an invalid and naked assignment because no good will was transferred with the assignment and/or because the trademark rights were transferred from a dissolved, non-existent corporation.

Answer:  Denies

39. On information and belief, because the trademark rights to U.S. Trademark Registration No. 1,502,261 were transferred from a dissolved non-existent corporation to Defendant Franek and/or without the transfer of any good will to Defendant Franek, said assignment was invalid and the Round Beach Towel Mark that was the subject of said trademark registration was effectively abandoned.

Answer:  Denies

40. On information and belief, neither Franek nor CLM Design, Inc. owned U.S. Trademark Registration No. 1,502,261 from July 1, 1994 to July 2, 2007. Therefore, U.S. Trademark Registration No. 1,502,261 was effectively abandoned during this 12 year period for lack of use by CLM Design, Inc. and because CLM Design, Inc. was not the owner of said trademark registration or the Round Beach Towel Mark, because CLM Design, Inc. was dissolved.

Answer:  Denies

## COUNT FIVE
(Declaratory Judgment as to Non-Infringement under Illinois Law)

41. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 40 as if fully set forth.

Answer: Defendant realleges its answers to paragraphs 1 through 40.

42. Plaintiff's aforesaid actions do not violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq*.

Answer:  Denies

43. Plaintiff's aforesaid actions do not violate the Illinois Counterfeit Trademark Act, 765 ILCS 1040 *et seq.*

Answer:  Denies

44. Plaintiff's aforesaid actions do not violate Illinois' common law of unfair competition.

Answer:  Denies

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Franco lacks standing to maintain this action.

Defendant reserves the right to assert other affirmative defenses as discovery progresses in this case.

## COUNTERCLAIMS

### PARTIES AND JURISDICTION

Now comes the Counter-Plaintiff, Clemens Franek, and complaining of the Counter-Defendant, Jay Franco & Sons, Inc. ("Franco") states:

1.      Counter-Plaintiff, Franek, is the owner of United States Trademark Registration No. 1502261.  The trademark registration claims as a trademark the round shape of a beach towel (Round Beach Towel Trademark).  The Round Beach Towel Trademark prohibits anyone in the United States other than Franek or his licensees from selling round beach towels.

2.      Jay Franco & Sons, Inc. is a New York corporation with its principal place of business in New York, New York.

4.      This action arises under the United States law relating to trademark and unfair competition.  Federal question jurisdiction exists pursuant to 15 U.S.C. Sec. 1121 and 28 U.S.C. Sec. 1331 and 1338.  Jurisdiction over the state law claims exists pursuant to 28 U.S.C. Sec. 1367.

5.      Venue is proper in this District pursuant to 28 U.S.C. Sec. 1391.

### INTRODUCTION

6.      Plaintiff has had manufactured and sold in interstate commerce round beach towels that are covered under the Round Beach Towel Trademark.  Through marketing and sales, round beach towels have come to be associated with Franek's Round Beach Towel Trademark.

7. Franek began selling round beach towels under the Round Beach Towel Trademark through humble beginnings. Franek moved to Los Angeles in the 1980s to promote his round beach towel. He shared his products with a man he met while playing touch football in the park. The two went store-to-store selling the round beach towels. Franek's friend was aspiring actor Woody Harrelson, who later landed his role as "Woody" in the television program "Cheers."

8. Franek and Harrelson became roommates, along with Bobby Farrelly. Bobby Farrelly is one half of the writing/ producing/directing team of the Farrelly brothers, who made such movies as "Dumber and Dumber," Something About Mary" and "Kingpin", among others.

9. Franek, Harrelson and Bobby Farrelly all sold Franek's round beach towels. After gaining popularity as "Woody" on Cheers, Harrleson promoted the round beach towel on such shows as *Entertainment Tonight*, *The Tonight Show* and *Oprah Winfrey*. Though promotion of the round beach towel, Counter-Plaintiff and his licensees sold hundreds of thousands of round beach towels to multinational corporations and also through retail outlets.

10. One of those retail outlets where Franek sold his round beach towels was Walmart. Walmart sold Frank's small round beach towel called a "Huggable Luvable." The Huggable Luvable round beach towel contained a label stating that the round beach towel was a trademark of the Round Towel Company, a licensee of Counter-Plaintiff. Counter-Plaintiff's representative later met with another Walmart buyer about selling large round beach towels to Walmart. That buyer reviewed the round beach towel product, but did not buy Franek's round beach towels. Walmart did, however, purchase round beach towels from a different company that knocked off the round beach towel design, an infringement of Franek's Round Beach Towel Trademark. Walmart purchased the infringing round beach towels despite having previously purchased Franek's round beach towels and acknowledging the Round Beach Towel Trademark on the

authorized round beach towels sold by Walmart. Further, Walmart's buyer of towel products was aware of Franek's Round Beach Towel Trademark, having met with Franek's representative and having reviewed round beach towels bearing notice of the Round Beach Towel Trademark. Walmart began selling the infringing round beach towels in the year 2005. Franek does not believe that Walmart is currently selling round beach towels that infringe the Round Beach Towel Trademark.

11.    Target purchased Round Towels from Franek's licensee. Franek's round beach towels sold by Target contained labels acknowledging the Round Beach Towel Trademark. Target sold round towels containing a label acknowledging the Round Beach Towel Trademark through its retail outlets and through on-line sales. Target also marketed and sold round beach towels acknowledging the Round Beach Towel Trademark in its employee catalogue. Despite knowing of the existence of the Round Towel Trademark, and acknowledging its existence though sales bearing identification of the mark, Target later purchased round towels from another company that knocked off Franek's trademark. Target was informed of its infringement and, rather than stop selling the infringing products, held a sale of the infringing round beach towel inventory. Target continued selling the infringing products into the year 2006.

12.    Franco sold round beach towels that infringed on the Round Towel Trademark. Franco sold those round beach towels to Walmart, Target and others.

13.    The Round Towel Trademark registration has become incontestable pursuant to 15 U.S.C. Sec. 1065. The registration is therefore conclusive evidence of Franek's right to use the registered mark.

14.    Counter-Plaintiff did not consent to any of the advertising, distribution, offering for sale or sale of the infringing round beach towels.

## FIRST CAUSE OF ACTION

*(Trademark Infringement)*

15.- 29.    Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 14, as and for its allegations of paragraphs 15 to 29, as if fully set forth herein.

30.    Franco's offering for sale and sale of round beach towels infringing Franek's Round Beach Towel Trademark constitutes trademark infringement pursuant to 15 U.S.C. Sec 1114. Counter-Defendant's acts have been willful and deliberate.

31.    Franek has been damaged as a result of Franco's sale if infringing round beach towels.

## SECOND CAUSE OF ACTION

*(False Designation of Origin)*

32.- 46.    Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 32 to 46, as if fully set forth herein.

47.    Franco's sale of infringing round beach towels constitutes unfair completion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. sec. 1125(a). Counter-Defendant's acts have been willful and deliberate.

48.    Franek has sustained damages as a result of the Counter-Defendant's violation of the Lanham Act.

## THIRD CAUSE OF ACTION

*(Illinois State Law Deceptive Practices Act)*

49.- 63.     Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 14, as and for its allegations of paragraphs 49 to 63, as if fully set forth herein.

64.     The acts of the Counter-Defendant as described above constitute trademark infringement and unfair competition in violation of Counter-Plaintiff's rights under the laws of the State of Illinois.  765 ILCS 1040 and 815 ILCS 510.

65.     Counter-Defendant's acts of infringement and unfair competition have been willful and deliberate.

## FOURTH CAUSE OF ACTION

*(Fraud under New York Law)*

66.- 80.     Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 66 to 80, as if fully set forth herein.

81.     The acts of the Counter-Defendant as described above constitute fraud under New York law, the place where Counter-Defendant transacts business, is located and entered into the contracts to sell round beach towels to Walmart and Target.

## PRAYER FOR RELIEF

WHEREFORE, the Counter-Plaintiff requests that this Court enter judgment against the Counter-Defendants, Franco, as follows:

a.) Order that the Counter-Defendants account to Counter-Plaintiff for Counter-Defendant's profits and any damages sustained by Counter-Plaintiff from the foregoing acts of infringement, unfair competition and deceptive practices;

b.) Award Counter-Plaintiff actual and/or statutory damages for Counter-Defendants' infringement, unfair competition and deceptive practices;

c.) Award Counter-Plaintiff enhanced and punitive damages as a result of Counter-Defendant's willful conduct;

d.) Award Counter-Plaintiff his costs, including reasonable attorney's fees and disbursements; and

e.) Award Counter-Plaintiff such other and further relief that this Court deems just.


          /s/ Mark D. Roth
Attorney for Defendant / Counter-Plaintiff


Mark D. Roth
Orum & Roth LLC
53 West Jackson Boulevard, Suite 1616
Chicago, IL  60604-3606
Tel.:    (312) 922-6262