UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALMART STORES, INC. and<br>TARGET CORPORATION,<br><br>　　　　　Defendants. | Civil Action No. 08-Civ-0058<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |
| JAY FRANCO & SONS, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CLEMENS FRANEK,<br><br>　　　　　Defendant. | Civil Action No. 08-Civ-1313<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |

### COUNTER-DEFENDANT JAY FRANCO & SONS, INC.'S REPLY TO COUNTER-PLAINTIFF CLEMENS FRANEK'S COUNTERCLAIMS

Counter-Defendant Jay Franco & Sons, Inc. ("Jay Franco") states as follows as its answer to Counter-Plaintiff Clemens Franek's ("Franek") Counterclaims:

### PARTIES AND JURISDICTION

1.　Counter-Plaintiff, Franek, is the owner of United States Trademark Registration No. 1502261. The trademark registration claims as a trademark the round shape of a beach towel (Round Beach Towel Trademark). The Round Beach Towel Trademark prohibits anyone in the United States other than Franek or his licensees from selling round beach towels.

**Answer:** Jay Franco admits that Franek alleges that he is the owner of United States Trademark Registration No. 1502261 (the "Registration") by way of an Assignment from CLM. Jay Franco admits that the Registration claims as a trademark the round shape of a beach towel (the "Round Towel Mark"). Jay Franco denies the remaining allegations set forth in Paragraph 1 of the Counterclaims. Jay Franco further denies that the Round Towel Mark is valid and enforceable, at least under the doctrine of functionality. Jay Franco further denies that the assignment of U.S. Trademark Registration No. 1,502,261 from CLM Design, Inc. to Franek was valid and enforceable.

2. **Jay Franco & Sons, Inc. is a New York corporation with its principal place of business in New York, New York.**

**Answer:** Jay Franco admits the allegations in Paragraph 2 of the Counterclaims.

4. **This action arises under the United States law relating to trademark and unfair competition. Federal question jurisdiction exists pursuant to 15 U.S.C. Sec. 1121 and 28 U.S.C. Sec. 1331 and 1338. Jurisdiction over the state law claims exists pursuant to 28 U.S.C. Sec. 1367.**

**Answer:** Jay Franco admits the allegations in Paragraph 4 of the Counterclaims.

5. **Venue is proper in this District pursuant to 28 U.S.C. Sec. 1391.**

**Answer:** Jay Franco admits that venue is proper in this District pursuant to 28 U.S.C. Sec. 1391.

## INTRODUCTION

6. **Plaintiff has had manufactured and sold in interstate commerce round beach towels that are covered under the Round Beach Towel Trademark. Through marketing and sales, round beach towels have come to be associated with Franek's Round Beach Towel Trademark.**

**Answer:** Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in the first sentence of Paragraph 6 of the

2

Counterclaims. Jay Franco denies the allegations set forth in the second sentence of Paragraph 6 of the Counterclaims.

7.  Franek began selling round beach towels under the Round Beach Towel Trademark through humble beginnings. Franek moved to Los Angeles in the 1980s to promote his round beach towel. He shared his products with a man he met while playing touch football in the park. The two went store-to-store selling the round beach towels. Franek's friend was aspiring actor Woody Harrelson, who later landed his role as "Woody" in the television program "Cheers."

Answer:   Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 7 of the Counterclaims.

8.  Franek and Harrelson became roommates, along with Bobby Farrelly. Bobby Farrelly is one half of the writing/ producing/directing team of the Farrelly brothers, who made such movies as "Dumber and Dumber," Something About Mary" and "Kingpin", among others.

Answer:   Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 8 of the Counterclaims.

9.  Franek, Harrelson and Bobby Farrelly all sold Franek's round beach towels. After gaining popularity as "Woody" on Cheers, Harrleson promoted the round beach towel on such shows as *Entertainment Tonight*, *The Tonight Show* and *Oprah Winfrey*. Though promotion of the round beach towel, Counter-Plaintiff and his licensees sold hundreds of thousands of round beach towels to multinational corporations and also through retail outlets.

Answer:   Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 9 of the Counterclaims.

10.  One of those retail outlets where Franek sold his round beach towels was Walmart. Walmart sold Franek's small round beach towel called a "Huggable Luvable." The Huggable Luvable round beach towel contained a label stating that the round beach towel was a trademark of the Round Towel Company, a licensee of Counter-Plaintiff. Counter-Plaintiff's representative later met with another Walmart buyer about selling large round beach towels to Walmart. That buyer reviewed the round beach towel product, but did not buy Franek's round beach towels. Walmart did, however, purchase round beach towels from a different company that knocked off the round beach towel design, an infringement of Franek's Round Beach Towel Trademark. Walmart purchased the infringing round

beach towels despite having previously purchased Franek's round beach towels and acknowledging the Round Beach Towel Trademark on the authorized round beach towels sold by Walmart. Further, Walmart's buyer of towel products was aware of Franek's Round Beach Towel Trademark, having met with Franek's representative and having reviewed round beach towels bearing notice of the Round Beach Towel Trademark. Walmart began selling the infringing round beach towels in the year 2005. Franek does not believe that Walmart is currently selling round beach towels that infringe the Round Beach Towel Trademark.

**Answer:** Jay Franco denies that any sale of a round beach towel by Wal-Mart infringed any valid intellectual property right of Franek. Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 10 of the Counterclaims.

11. Target purchased Round Towels from Franek's licensee. Franek's round beach towels sold by Target contained labels acknowledging the Round Beach Towel Trademark. Target sold round towels containing a label acknowledging the Round Beach Towel Trademark through its retail outlets and through on-line sales. Target also marketed and sold round beach towels acknowledging the Round Beach Towel Trademark in its employee catalogue. Despite knowing of the existence of the Round Towel Trademark, and acknowledging its existence though sales bearing identification of the mark, Target later purchased round towels from another company that knocked off Franek's trademark. Target was informed of its infringement and, rather than stop selling the infringing products, held a sale of the infringing round beach towel inventory. Target continued selling the infringing products into the year 2006.

**Answer:** Jay Franco denies that any sale of a round beach towel by Target infringed any valid intellectual property rights of Franek. Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 11 of the Counterclaims.

12. Franco sold round beach towels that infringed on the Round Towel Trademark. Franco sold those round beach towels to Wal-Mart, Target and others.

**Answer:** Jay Franco denies the allegations in Paragraph 12 of the Counterclaims. Jay Franco denies that the Round Towel Mark is valid and enforceable, at least under the doctrine of functionality.

13. **The Round Towel Trademark registration has become incontestable pursuant to 15 U.S.C. Sec. 1065. The registration is therefore conclusive evidence of Franek's right to use the registered mark.**

**Answer:** Jay Franco admits that a registered trademark is "incontestable" within the meaning of 15 U.S.C. Sec. 1065. Jay Franco denies the remaining allegations set forth in Paragraph 13 of the Counterclaims. Jay Franco denies that the Round Towel Mark is valid and enforceable, at least under the doctrine of functionality.

14. **Counter-Plaintiff did not consent to any of the advertising, distribution, offering for sale or sale of the infringing round beach towels.**

**Answer:** Jay Franco denies that it has infringed any asserted right of Franek. Jay Franco is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 14 of the Counterclaims.

## FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT

15-29. **Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 14, as and for its allegations of paragraphs 15 to 29, as if fully set forth herein.**

**Answer:** Jay Franco, repeats, realleges, and incorporates by reference into its answer to Paragraphs 15-29 of the Counterclaims its answers to Paragraphs 1 through 14 of the Counterclaims.

30. **Franco's offering for sale and sale of round beach towels infringing Franek's Round Beach Towel Trademark constitutes trademark infringement pursuant to 15 U.S.C. Sec 1114. Counter-Defendant's acts have been willful and deliberate.**

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 30 of the Counterclaims.

**31.    Franek has been damaged as a result of Franco's sale if infringing round beach towels.**

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 31 of the Counterclaims.

## SECOND CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN

**32- 46.    Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 32 to 46, as if fully set forth herein.**

**Answer:** Jay Franco repeats, realleges, and incorporates by reference into its answer to Paragraphs 32-46 of the Counterclaims its answers to Paragraphs 1 through 13 of the Counterclaims.

**47.    Franco's sale of infringing round beach towels constitutes unfair completion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. sec. 1125(a). Counter-Defendant's acts have been willful and deliberate.**

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 47 of the Counterclaims.

**48.    Franek has sustained damages as a result of the Counter-Defendant's violation of the Lanham Act.**

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 48 of the Counterclaims.

## THIRD CAUSE OF ACTION – STATE LAW DECEPTIVE PRACTICES ACT

**49- 63.** Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 14, as and for its allegations of paragraphs 49 to 63, as if fully set forth herein.

**Answer:** Jay Franco repeats, realleges, and incorporates by reference into its answer to Paragraphs 49-63 of the Counterclaims its answers to Paragraphs 1 through 14 of the Counterclaims.

**64.** The acts of the Counter-Defendant as described above constitute trademark infringement and unfair competition in violation of Counter-Plaintiff's rights under the laws of the State of Illinois 765 ILCS 1040 and 815 ILCS 510.

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 64 of the Counterclaims.

**65.** Counter-Defendant's acts of infringement and unfair competition have been willful and deliberate.

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 65 of the Counterclaims.

## FOURTH CAUSE OF ACTION – FRAUD UNDER NEW YORK LAW

**66- 80.** Counter-Plaintiff restates and reincorporates its allegations in paragraphs 1 to 13, as and for its allegations of paragraphs 66 to 80, as if fully set forth herein.

**Answer:** Jay Franco repeats, realleges, and incorporates by reference into its answer to Paragraphs 66-80 of the Counterclaims its answers to Paragraphs 1 through 14 of the Counterclaims.

**81.** The acts of the Counter-Defendant as described above constitute fraud under New York law, the place where Counter-Defendant transacts business, is located and entered into the contracts to sell round beach towels to Wal-Mart and Target.

**Answer:** Jay Franco denies each and every allegation set forth in Paragraph 81 of the Counterclaims.

Respectfully submitted,

Dated: May 12, 2008

By: /s/ Ezra Sutton

Ezra Sutton
Ezra Sutton & Associates, P.A.
900 Route 9 North, Suite 201
Woodbridge, New Jersey 07095
Tel.:  (732) 634-3520
Fax:  (732) 634-3511

Attorney for Plaintiff / Counter-Defendant
Jay Franco & Sons, Inc.