UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC. and<br>TARGET CORPORATION,<br><br>Defendants. | Civil Action No. 08-Civ-0058<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |
| JAY FRANCO & SONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLEMENS FRANEK,<br><br>Defendant. | Civil Action No. 08-Civ-1313<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |

## PLAINTIFF FRANCO'S RESPONSES TO
## DEFENDANT'S STATEMENT OF MATERIAL FACTS (1 to 29)

1. Defendant Franco is the owner of the United States Trademark Registration No. 1,502,261. The trademark relates to a beach towel in a round shape ("Round Beach Towel Trademark"). Franek's Counterclaim ("Counterclaim") at par. 1.

**RESPONSE: Admitted.**

2. Franek conceived of the idea of marketing and selling a round beach towel in around 1985. Franek's Declaration in support of his Memorandum of Law in Response to Franco's Motion for Partial Summary Judgment ("Declaration") at par. 5.

**RESPONSE: Denied. Others conceived of a round towel before 1985. See Franco's asserted utility patents in support of this.**

3. The first use of the trademark was on August 15, 1985, and the first use of the mark in interstate commerce was on February 14, 1986. Franco's Exhibit 14.

**RESPONSE: Denied. A round beach towel is not a trademark. No documents to support these allegations have been produced. Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date. In addition, Franek has set forth conclusory and/or self serving statements which have no evidentiary weight in summary judgment motions. Also, these conclusory statements do not establish genuine issues of material fact.**

4. The round beach towel trademark was originally in the name of CLM Design Inc. CLM used an assumed name of Son International. Franco Exhibit 14, Declaration par. 5.

**RESPONSE: Admitted.**

5. Franek was the President of CLM Design. CLM subsequently assigned the trademark to Franek. Franco Exhibit 14, Declaration par. 6.

**RESPONSE: Denied. The Assignment to CLM was not legal, because CLM was dissolved before the alleged trademark was transferred to Franek.**

6. CLM and Franek, individually and in conjunction with licensees, have used the mark continuously since the date of first use of the mark. Declaration at par. 7.

**RESPONSE: Denied. No sales documents to support these allegations have been produced. Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date. In addition, Franek has set**

forth conclusory and/or self serving statements which have no evidentiary weight in summary judgment motions. Also, these conclusory statements do not establish genuine issues of material fact.

7. The USPTO has accepted the Trademark's Section 15 Declaration, and the trademark is incontestable. Franco Exhibit 14.

**RESPONSE:** **Denied. The trademark registration was not legally granted. Plaintiff Jay Franco's substantial evidence of functionality was not before the Trademark Office during the prosecution of the trademark application. Such evidence dissolves any presumptions of validity or incontestability.**

8. Exhibit 10 and Exhibit 23 to Franco's Motion, details some of the significant amount of money, resources and time devoted to advertising products incorporating the round beach towel up to that point in time. Franco Exhibits 10 and 23.

**RESPONSE:** **Denied. The amount of money is not known. No documents to support these allegations have been produced. Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date. In addition, Franek has set forth conclusory and/or self serving statements which have no evidentiary weight in summary judgment motions. Also, these conclusory statements do not establish genuine issues of material fact.**

9. CLM Design and Franek has expended resources have been expended time and money through the date of Franek's Declaration to market and sell round beach towels subject to the Round Beach Towel Trademark. Declaration at par. 7.

**RESPONSE:** Denied.  The amount of money is not known.  No documents to support these allegations have been produced.  Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date.  In addition, Franek has set forth conclusory and/or self serving statements which have no evidentiary weight in summary judgment motions.  Also, these conclusory statements do not establish genuine issues of material fact.

10.  Franek was the President of CLM Design.  Franek has been involved in designing, marketing and selling beach towels and specifically round beach towels since 1985.  Declaration at par. 8.

**RESPONSE:** Denied.  No documents have been presented as yet to support 23 years of sales.  Jay Franco served Franek with Discovery Requests on June 21, 2008, but has received no responses or documents as of this date.

11.  CLM Design adopted the round shape of the towel so the round towel's original, distinctive, and peculiar appearance would distinguish it from other beach towels and identify the beach towels as coming from a single source, namely Son International.  At the time Son International began selling round beach towels, the vast majority of existing beach towels were rectangular or square in shape.  Rectangular and square beach towels had been used for decades prior to our introduction of the round beach towel.  Declaration at par. 8.

**RESPONSE:** Denied.  No documents to support these allegations have been produced.  Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date.  In addition, Franek has set forth conclusory

4

and/or self serving statements which have no evidentiary weight in summary judgment motions. Also, these conclusory statements do not establish genuine issues of material fact.

12. No one was selling round beach towels prior to Son International's introduction of the round beach towel. Declaration at par. 8.

**RESPONSE: Denied. See Franco's asserted utility patents showing round towels prior to Son's. Also, no documents to support these allegations have been produced. Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date. In addition, Franek has set forth conclusory and/or self serving statements which have no evidentiary weight in summary judgment motions. Also, these conclusory statements do not establish genuine issues of material fact.**

13. The round beach towel is a design that is arbitrary, fanciful and ornamental. The design of the round beach towel is meant to be unique from a visual point of view in order to distinguish the round beach towel from all other shapes of beach towels. Declaration at par. 9.

**RESPONSE: Denied. See Franco's asserted utility patents showing round towels. In addition, this is not a proper statement of fact because legal terms are used in this statement. Also, no documents to support these allegations have been produced. Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date. In addition, Franek has set forth conclusory and/or self serving statements which have no evidentiary weight in summary judgment motions. Also, these conclusory statements do not establish genuine issues of material fact.**

14.    Son International advertised the unique shape of its round towel in all of its advertisements.  Son International, in fact, advertised the round beach towel as "the most radical fashion item since the bikini."  See e.g., Franco's Exhibit 6.

**RESPONSE: Denied.  Round towels were not unique as evidenced by Franco's asserted utility patents.**

15.    Son International also advertised the round beach towel through such advertisements as "Bound to be Round" and "Don't be Square."  Franco Exhibit 4.

**RESPONSE: Admitted.**

16.    Son International stated in an advertisement that "now when the sun moves, your towel doesn't have to."  That same advertisement emphasizes in large all capital letters "HUGE ROUND BEACH TOWEL" and states that the towel is a "LUXURIOUS ROUND BEACH TOWEL - for LYING.  NEARLY 6 FEET IN DIAMETER."  The towel is touted in those ads as "The World's Greatest Beach Towel."  Those advertisements then state in smaller type face as follows: "Now when then sun moves, you don't have to."  The focus of Son's advertisement is on the large size and unique shape of the round beach towel.  In addition the advertisements showed a large, round beach towel made by Son International.  The round beach towel as stated in that advertisement was nearly 6 feet in diameter.  Franco Exhibit 23, Declaration at par. 11.

**RESPONSE: First part admitted.  Second part denied.  No documents to support these allegations have been produced.  Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date.  In addition, Franek has set forth conclusory and/or self serving statements which have no evidentiary**

**weight in summary judgment motions.  Also, these conclusory statements do not establish genuine issues of material fact.**

17. The ability to reposition a person's body on a beach towel is dictated by the surface area of a beach towel, as opposed to its shape.  Declaration at par. 12.

**RESPONSE: Denied.  A very long rectangular shaped, and one foot wide beach towel has a large surface area, but the person's body cannot be re-positioned at different angles on such a beach towel towel.**

18. The average person could just as easily reposition that person's body on a six-foot square beach towel as on a round towel.  Declaration at par. 12.

**RESPONSE: Denied.  A round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design.  For these reasons, it has a competitive advantage.**

19. The average person could just as easily reposition that person's body on a six-foot beach towels in shapes other than a round beach towel.  Declaration at par. 12.

**RESPONSE: Denied.  A round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design and has a competitive advantage.**

20. Beach towels come in many configurations.  There are as many alternatives for the design of beach towels as one could imagine.  Declaration at par.  12-13.

**RESPONSE: Denied.  A round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design.  For these reasons, it has a competitive advantage.**

21. Beach towels have traditionally been rectangular or square in shape. In addition, beach towels come in shapes, such as the shape of different animals, fish, flowers, dresses and surfboards. Declaration at par. 13.

**RESPONSE: Denied. See Franco's asserted utility patents. A round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design. For these reasons, it has a competitive advantage.**

22. The various configurations of beach towels are virtually endless. Each one of these towels, if provided the appropriate surface area, would allow a person to move about the towel without repositioning herself on the towel. Declaration at par. 13.

**RESPONSE: Denied. A round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design. For these reasons, it has a competitive advantage.**

23. The surface area of the towel, as opposed to the shape of the towel, would allow one to move their body on the towel as the sun moves across the sky. Declaration at par. 13.

**RESPONSE: Denied. A round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design. For these reasons, it has a competitive advantage.**

24. The round beach towels sold by Son International and subsequently by licensees and Franek, is made using square towel stock. The towel material is cut in a circular pattern and hemmed. Declaration at par. 14.

**RESPONSE: Denied. No documents have been produced to support these allegations. Jay Franco served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date.**

25. There are no inherent advantages from a cost perspective in making a round beach towel. In fact, removing the amount of material from the towel stock results in considerable waste. Declaration at par. 14.

**RESPONSE: Denied. No documents have been produced to support these allegations. Jay Franco has served Franek with Discovery Requests on June 21, 2008, but Jay Franco has received no responses or documents as of this date.**

26. Making a towel into a round shape does not result in any advantage in quality of the product. The round towel is made of cotton, like the vast majority of other beach towels of various shapes and sizes. Declaration at par. 14.

**RESPONSE: Denied. The round towel has the minimum amount of surface area to re-position the body; it is the most compact shape, and is the "best" design. For these reasons it has a competitive advantage.**

27. Franco's Exhibits reference several other companies that are selling round beach towels in Franco Exhibit 20. The first advertisement is from a company named "REI." Franco Exhibit 20. 15.

**RESPONSE: Admitted.**

28. Franek became aware that REI was selling round towels in February, 2008, on February 21, 2008, my attorney's in this regard sent a cease and desist letter to REI based on its infringement of its trademark. Declaration at par. 15.

9

**RESPONSE: Denied. The letter has not been produced.**

29. A round beach towel does not consume less physical space when the towel is folded up as opposed to towels of the same surface area. Declaration at par. 16.

**RESPONSE: Denied. No proof of this has been presented.**

Respectfully submitted,

By: _____
EZRA SUTTON, Esq.
Attorney for Plaintiff,
Jay Franco & Sons, Inc.

Dated: August 14, 2008

EZRA SUTTON, P.A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
732-634-3520