# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>        Plaintiff,<br><br>  v.<br><br>WALMART STORES, INC. and TARGET CORPORATION,<br><br>        Defendants.<br><hr><br>JAY FRANCO & SONS, Inc.,<br><br>        Plaintiff,<br><br>  v.<br><br>CLEMENS FRANEK,<br><br>        Defendant. | Civil Action No. 08-cv-0058<br><br>Judge Robert M. Dow Jr. |

## MOTION TO AMEND ORDER OF MARCH 13, 2009 PURSUANT TO RULE 59(e)

NOW COMES the Plaintiff, Clemens Franek, through his attorney Mark D. Roth of Orum & Roth LLC and for his Motion to Amend Order of March 13, 2009 pursuant to Rule 59(e) states as follows:

1. On January 3, 2008, CLEMENS FRANEK ("Franek") brought a Complaint against WALMART STORES, INC. and TARGET CORPORATION ("Walmart and Target") for trademark infringement, false designation of origin, and deceptive trade practices.

2. On March 3, 2008, JAY FRANCO & SONS, Inc. ("Franco") brought a five-count complaint against Franek. In Count I Franco seeks a declaratory judgment as to non-infringement under The Lanham Act. In Count II Franco sought to invalidate the Franek's trademark claiming

that the round shape of a towel is functional. In Count III Franco seeks to invalidate the Trademark claiming deception. In count IV Franco seeks to invalidate the Trademark claiming an improper assignment. In count V Franco seeks a declaration of non-infringement under Illinois law.

3. On March 26, 2008, Franek brought a Counterclaim against Franco for trademark infringement, false designation of origin, deceptive trade practices and fraud. This suit was consolidated with Franek's suit against Walmart and Target.

4. On May 16, 2008, Franco brought a Partial Motion for Summary Judgment against Franek.

5. On March 13, 2009, this Court entered an Order granting Franco's Partial Motion for Summary Judgment as to Count II of its Complaint and as to Count I-IV of Franek's Counterclaim. See Exhibit A.

6. The Order does not state that the pending case is closed and does not expressly dispose of other Franco's pending counts against Franek and Franek's counts against Walmark and Target.

7. "The entry of a final judgment under *Rule 58* starts the clock for an appeal. But a document that does not dispose of the case does not start the clock." Reytblatt v. Denton, 812 F.2d 1042, 1043 (7th Cir. 1987).

8. "The general rule is that there must be a formal judgment entry before a final order is appealable. . . . Indeed, the basis for jurisdiction here is *28 U.S.C. § 1291*, which permits appeals of 'final decisions' of district courts." Perry R. Pennington Co. v. T.R. Miller Co. Inc., 994 F.2d 390 (7th Cir. 1992 ) *citing TMF Tool Co. v. Muller, 913 F.2d 1185, 1189 (7th Cir. 1990).*

9. Even though, the March 13, 2009 Order does not expressly state that the whole matter pending before this Court is disposed of, this Court's finding that Franek's Trademark is invalid essentially renders all other pending counts moot.

10. Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. This motion is brought within the 10-day period. Fed. R. Civ. P. 59(e).

WHEREFORE, Clemens Franek through its counsel Mark D. Roth of Orum & Roth LLC asks this Court to amend the March 13, 2009 Order to state that the Court's Order is final and appealable.

                                              Respectfully submitted,

                                              By:

                                              /s/ Mark D. Roth
                                              Mark D. Roth
                                              Orum & Roth LLC
                                              53 West Jackson Boulevard, Suite 1616
                                              Chicago, IL  60604-3606
                                              Tel.:   (312) 922-6262
                                              Fax:   (312) 922-7747

                                              *Attorney for Plaintiff*